# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HIGHLAND SUPPLY CORPORATION & SUBSIDIARIES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 18-cv-1417-NJR-RJD |
| SEVEN W. ENTERPRISES, INC. & SUBSIDIARIES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 18-cv-1418-NJR-RJD |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a Motion to Dismiss filed by the United States of America (Doc. 9) in *Highland Supply Corporation & Subsidiaries v. United States of America*, Case No. 18-cv-1417-NJR-RJD, and a Motion to Dismiss filed by the United States of America (Doc. 10) in *Seven W. Enterprises, Inc. & Subsidiaries v. United States of America*, Case No. 18-cv-1418-NJR-RJD. For the reasons set forth below, the Court denies the motions in both cases.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

*Highland Supply Corporation & Subsidiaries v. United States of America*, Case No. 18-cv-1417-NJR-RJD, involves claims by Plaintiff Highland Supply Corporation & Subsidiaries against the United States of America for the recovery of federal income tax and interest erroneously or illegally assessed and collected (Doc. 1 in Case No. 18-cv-1417). Specifically, recovery is sought for refunds of federal income tax overpayments for Tax Years 2002 and 2003 (Doc. 1, p. 1-2 in Case No. 18-cv-1417).

In the related case of *Seven W. Enterprises, Inc. & Subsidiaries v. United States of America*, Case No. 18-cv-1418-NJR-RJD, also assigned to the undersigned, Plaintiff Seven W. Enterprises, Inc. & Subsidiaries similarly brings claims against the United States of America for the recovery of federal income tax and interest erroneously or illegally assessed and collected (Doc. 1 in Case No. 18-cv-1418). Recovery in that case is sought for refunds of federal income tax overpayments for Tax Years 2001, 2002, and 2003 (Doc. 1, p. 1 in Case No. 18-cv-1418). Although the two cases have not been consolidated together (and no motion to consolidate has been filed), the United States filed the same motion to dismiss in both cases and referred to Plaintiffs jointly throughout the filings, including raising the same arguments as to each Plaintiff (*Compare* Doc. 9 in Case No. 18-cv-1417 *with* Doc. 10 in Case No. 18-cv-1418).

---

[1] Because Plaintiffs have incorporated the Tax Proceeding into their Complaints, the Court finds that they have made this proceeding central to their claims. Thus, the Court will consider documents filed in the Tax Proceeding, which are attached to the motions to dismiss, and will cite to them throughout this factual section (Docs. 9-1 through 9-5 in Case No. 18-cv-1417; Docs. 10-1 through 10-5 in Case No. 18-cv-1418).

On March 7, 2008, the Internal Revenue Service mailed a notice of deficiency to Highland Supply Corporation & Subsidiaries ("HSC") asserting accuracy-related penalties for the Claim Years (Doc. 1, ¶ 7 in Case No. 18-cv-1417). That same date, the Internal Revenue Service mailed a notice of deficiency to Seven W. Enterprises, Inc. & Subsidiaries ("Seven") for taxable years ending December 31, 2000, 2001, 2002, and 2003 (Doc. 1, ¶ 6-7 in Case No. 18-cv-1418). On June 4, 2008, HSC timely filed a petition in the Tax Court seeking a redetermination of the penalties asserted against it (Doc. 1, ¶ 8 in Case No. 18-cv-1417). Contemporaneous with that filing, Seven filed a petition for redetermination of similar penalties for taxable years ending December 31, 2000, 2001, 2002, and 2003 (*Id.* at ¶ 9 in Case No. 18-cv-1417; Doc. 1, ¶ 8 in Case No. 18-cv-1418). The Tax Court consolidated the two cases together and a trial was held on April 28, 2009 (*Id.* at ¶ 10 in Case No. 18-cv-1417). On June 7, 2011, the Tax Court issued an opinion for both cases, finding HSC and Seven liable for the penalties with the exception of Seven for the year 2000 (*Id.* at ¶ 11 in Case No. 18-cv-1417; Doc. 1, ¶11 in Case No. 18-cv-1418; Doc. 9-2 in Case No. 18-cv-1417).

On June 8, 2011, the Tax Court entered two decisions (Doc. 1, ¶ 12 in Case No. 18-cv-1417). In these decisions, the Tax Court mistakenly switched the penalty determinations with respect to the two taxpayers, HSC and Seven (Doc. 9-3 in Case No. 18-cv-1417). As a result, the decision against Seven stated that Seven was liable for penalties for taxable years for which it had not petitioned, the fiscal years ending April 30, 2003, and April 30, 2004 (*Id.*). The decision against HSC stated that HSC was liable for penalties for taxable years for which it had not petitioned, calendar years 2001 through

2003 (the Tax Court determined that there was no penalty liability for 2000) (Doc. 9-3 in Case No. 18-cv-1417).² The decisions were not appealed (Doc. 1, ¶13 in Case No. 18-cv-1417; Doc. 1, ¶13 in Case No. 18-cv-1418).

On February 3, 2012, the Tax Court corrected the error regarding the tax years and amounts by vacating its June 8 decisions and entering new decisions that correctly set forth the respective deficiencies of Seven and HSC (Doc. 9-4 in Case No. 18-cv-1417).

The taxpayers then moved for reconsideration and to vacate the new corrected decisions, arguing that the Tax Court had no authority to vacate the decisions after the time for appeal had expired. On March 16, 2012, the Tax Court denied the taxpayers' motion (Doc. 9-1, p. 4 in Case No. 18-cv-1417). HSC and Seven then timely filed their joint appeal to the Seventh Circuit Court of Appeals (*Id.*).

On July 24, 2013, the Seventh Circuit Court of Appeals entered its decision on the appeal. *Seven W. Enterprises and Highland Supply Corp. v. Comm.*, 723 F. 3d 857 (7th Cir. 2013) (Doc 9-1 in Case No. 18-cv-1417). The Seventh Circuit remanded the case back to the Tax Court with a mandate that the Tax Court vacate its corrected decisions of February 3, 2012, and instead reinstate and amend its original decisions of June 8, 2011, as the appropriate means of correcting the clerical error (Doc. 9-1, p. 7 in Case No. 18-cv-1417).

On November 8, 2013, the Tax Court followed the Seventh Circuit's mandate and entered decisions vacating its decisions of February 3, 2012, reinstating its June 8, 2011

---

² Notably, the *opinion* filed June 7, 2011, one day earlier than the two decisions, included the correct tax years and assessments as to each Plaintiff. It was only the *decisions* that transposed Plaintiffs' respective liabilities.

decisions, and amending those reinstated decisions to reflect the correct amount of penalties for the correct tax years of Seven and HSC (Doc. 9-5 in Case No. 18-cv-1417). The Tax Court further stated, "It is further ORDERED that in all other respects the Court's decision entered June 8, 2011, remains in full force and effect." (*Id*.).

Plaintiffs filed their complaints on July 19, 2018 in federal court alleging that federal income tax and interest was illegally assessed after the statute of limitations for assessment had expired (Doc. 1 in Case No. 18-cv-1417; Doc. 1 in Case No. 18-cv-1418). On September 21, 2018, the United States filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 9 in Case No. 18-cv-1417; Doc 10 in Case No. 18-cv-1418). On October 19, 2018, HCS and Seven responded to the motions (Doc. 14 in Case No. 18-cv-1417; Doc. 15 in Case No. 18-cv-1418).

On November 2, 2018, HSC and Seven filed motions for summary judgment in both cases (Doc. 19 in Case No. 18-cv-1417; Doc. 18 in Case No. 18-cv-1418). On December 6, 2018, the United States filed a response to the motions in both cases (Doc. 22 in Case No. 18-cv-1417; Doc. 21 in Case No. 18-cv-1418). On December 20, 2018, HSC and Seven filed reply briefs (Docs. 23 in Case No. 18-cv-1417; Doc. 22 in Case No. 18-cv-1418).

Both cases were originally assigned to Judge Michael Reagan. In light of Judge Reagan's retirement in March of this year, the case *Highland Supply Corporation & Subsidiaries v. United States of America*, Case No. 18-cv-1417, was randomly reassigned to the undersigned. *Seven W. Enterprises, Inc. & Subsidiaries v. United States of America*, Case No. 18-cv-1418, was randomly reassigned to Judge Staci Yandle. Due to the similar nature of the cases, and because the undersigned inherited the earlier-filed case, Judge Yandle

transferred *Seven W. Enterprises, Inc. & Subsidiaries v. United States of America,* Case No. 18-cv-1418 to the undersigned on April 29, 2019 (Doc. 28 in Case No. 18-cv-1418).

## JURISDICTION

Both HSC and Seven seek recovery of federal income tax and interest that was allegedly erroneously or illegally assessed and collected. Because the claims are for recovery of federal income tax, the Court has jurisdiction over these cases under 28 U.S.C. § 1346(a)(1). Specifically, Section 1346(a)(1) provides that district courts shall have original jurisdiction of:

> Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 1346 (2012).

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch*

*& Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012). When ruling on a motion to dismiss, a federal court may consider documents attached to the pleadings without converting the motion to dismiss into a motion for summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014).

## ANALYSIS

The United States has filed a motion to dismiss in both cases arguing that Plaintiffs' claims fail to state a claim because the time to assess the penalties in issue were timely and *res judicata* bars Plaintiffs' contention. Plaintiffs respond that the tax assessments are time-barred because the statute of limitations ran on November 7, 2011 and the United States did not begin making assessments until March 5, 2012. Plaintiffs also respond that *res judicata* does not bar their claims because the timeliness of assessments was not at issue in the Tax Court proceeding.

The Court begins its analysis by looking at the relevant limitations periods provided in the Internal Revenue Code. *See, e.g.*, 26 U.S.C. § § 6501, 6503. As a general rule, the United States has three years from the time that a return is filed to make an assessment. 26 U.S.C. § 6501(a). When the IRS determines a tax deficiency, as in this case, it may not assess the deficiency before sending the taxpayer a notice of deficiency. 26 U.S.C. § 6213(a); *see also* § 6212(a) (authorizing the Secretary of the Treasury, after determining that there is a deficiency, to send a notice of deficiency to the taxpayer by mail).

Within ninety days after the IRS mails a taxpayer a notice of deficiency, "the

taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." § 6213(a). "No assessment of a deficiency . . . shall be made . . . until the expiration of such 90-day [] period . . . nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final." *Id*. Thus, the statute of limitations for assessing taxes is suspended from the time a taxpayer is mailed a notice of deficiency until 60 days after a decision of the Tax Court becomes final.³ 26 U.S.C. § 6503(a)(1); *see Kindred v. Comm'r*, 454 F.3d 688, 690 n. 4 (7th Cir. 2006); *see also Payne v. Comm'r*, 224 F.3d 415, 416 (5th Cir. 2000) (indicating that a notice of deficiency is "an event that tolls the statute of limitations pending assessment"); *In re Hosack*, 282 F. App'x 309, 314 (5th Cir. 2008) ("[T]he mailing of a notice of deficiency tolls the running of the three-year limitations period on § 6501 'for the period during which the Secretary is prohibited from making the assessment . . . and for 60 days thereafter.'").

A Tax Court decision becomes final when the time for filing an appeal expires. 26 U.S.C. § 7481(a)(1). The time to appeal a Tax Court decision is within ninety days of the date the decision is entered. 26 U.S.C. § 7483. If a Court of Appeals issues a mandate reversing or modifying the Tax Court decision and no petition for *certiorari* has been filed, then the decision rendered by the Tax Court in accordance with the Court of Appeals mandate shall become final, with certain exceptions, thirty days after the amended

---

³ 28 U.S.C. § 6503(a) specifically provides as follows: "The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or the collection by levy or a proceeding in court, in respect of any deficiency as defined in section 6211 (relating to income, estate, gift and certain excise taxes), shall (after the mailing of a notice under section 6212(a)) be suspended for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.

decision is rendered. 26 U.S.C. § 7481(a)(3)(B).

As set forth above, the execution of a return starts the running of the period of limitations on assessment and collection pursuant to Section 6501(a). A Tax Court proceeding merely *tolls* the limitation period. *See, e.g. Kirch v. United States*, No. C2-97-848, 1999 WL 302454, at *2 (S.D. Ohio Mar. 31, 2019) (noting that, after the tax court decision became final, "the IRS had another sixty days plus the time that remained on the three-year statute of limitations at the time the notice of deficiency was issued (43 days) to assess plaintiffs' tax liability.") The Court cannot conduct a comprehensive statute of limitations analysis because it cannot garner from the complaint when the returns were filed, which is the action that triggers the running of the statute of limitations.[4]

HSC's Complaint alleges that "[r]ecovery is sought for payments of federal income tax for the fiscal years ended April 30, 2003 ('Tax Year 2002') and April 30, 2004 ('Tax Year 2003')" and that the IRS issued a Notice of Deficiency relating to these claim years on March 7, 2008 (Doc. 1, p. 2 in Case No. 18-cv-1417). Seven's Complaint alleges that "[r]ecovery is sought for payments of federal income tax for the taxable years ended December 31, 2001, 2002, and 2003" and that the IRS issued a Notice of Deficiency relating to these claim years on March 7, 2008 (Doc. 1, p. 1-2 in Case No. 18-cv-1418). But neither Complaint tells the Court when these returns for each claim year were filed, nor can the Court easily gather this information from exhibits filed relating to the Tax Proceeding.

---

[4] In fact, based on the minimal facts before the Court, it is possible that the statute of limitations could have run prior to the IRS issuing the Notices of Deficiency. The parties only focus on the events that occurred *subsequent* to the filing of the Notices of Deficiency, without explaining to the Court why this information is all that is necessary.

Thus, the Court denies the United States' request for dismissal on the basis that the assessments were timely.

The United States further argues that the doctrine of *res judicata* precludes Plaintiffs from claiming that the assessments were not timely made. Specifically, the United States argues that, because the Seventh Circuit found that Plaintiffs did not raise the issue in the Tax Court, they could not raise it on appeal, and that no arguments were made by Plaintiffs during the remand proceedings, Plaintiffs are barred from raising the issue now.

The doctrine of *res judicata* bars the subsequent filing of claims which were raised or could have been raised in a prior proceeding. *See Comm'r v. Sunnen*, 333 U.S. 591, 598 (1948). The purpose of *res judicata* is to minimize "the expense and vexation" of multiple lawsuits, conserve judicial resources and create certainty by minimizing inconsistencies in court decisions. *Montana v. United States*, 440 U.S. 147, 153 (1979). The doctrine operates to bar a subsequent lawsuit when three requirements are met: (1) identity of parties (or their privies), (2) identity of the causes of action, and (3) a final judgment on the merits. *Prochotsky v. Baker & McKenzie*, 966 F.2d 333, 334 (7th Cir. 1992).

The doctrine of *res judicata* is applicable in income tax cases. *United States v. International Bldg. Co.*, 345 U.S. 502, 506 (1953); *Comm'r*, 333 U.S. at 598. "That principle is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally. It is not meant to create vested rights in decisions that have become obsolete or erroneous with time, thereby causing inequities among taxpayers." *Comm'r*, 333 U.S. at 599. "Res judicata is no defense

where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation." *State Farm Mut. Auto. Ins. Co. v. Duel*, 324 U.S. 154, 162 (1945).

Plaintiffs bring claims in this Court for the recovery of income tax and interest erroneously assessed and collected because the statute of limitations had already expired. Plaintiffs' statute of limitations claims are predicated on their assertion that the Seventh Circuit's decision entered on July 24, 2013 did not modify or reverse the June 8, 2011 decisions by the Tax Court, so the June 8, 2011 decisions became final 90 days later, on September 6, 2011.

Plaintiffs would not have been able to raise this claim until after the Seventh Circuit issued its decision. The United States has not cited to any case or made a convincing argument suggesting that Plaintiffs could have raised this claim in the Tax Court after the Seventh Circuit issued its decision and that the failure to do so means this claim should be barred. As to the United States' argument that Plaintiffs could have petitioned the United States Supreme Court on this issue, this would have likely been futile given that the Seventh Circuit Court of Appeals held that Plaintiffs could not raise the statute of limitations argument for the first time in the appeal. Ultimately, the Court finds that the claims asserted in these cases do not rely upon the same nucleus of operative facts and events as those that were initially brought in the Tax Court proceeding. Thus, *res judicata* does not bar Plaintiffs from raising a statute of limitations claim now.

## PENDING MOTIONS FOR SUMMARY JUDGMENT

As the Court previously stated, there are two pending motions for summary judgment in these cases filed by Plaintiffs. As with the motions to dismiss filed by the United States, the motions for summary judgment filed in both cases are identical. In the motions for summary judgment, Plaintiffs argue that they are entitled to a refund of all amounts collected by the United States because the assessments were made after the statute of limitations had expired. The parties focus their arguments on the date the decision of the Tax Court became final. While the Court agrees that this issue is relevant and is likely the significant issue in the statute of limitations analysis, the Court cannot conduct a comprehensive statute of limitations analysis without knowing when the statute of limitations began in the first place. The facts as currently laid out in the briefing and the supporting exhibits do not allow the Court to make a comprehensive analysis. Thus, Plaintiffs shall submit evidence demonstrating when the returns were filed. This may be accomplished by submitting the actual returns themselves, an affidavit, a stipulation, etc.

The Court also would like Plaintiffs to cite to or attach additional evidence that shows when each assessment was made as to each tax year. In the current motions for summary judgment, Plaintiffs state that multiple assessments were made after November 7, 2011. In support, Plaintiffs cite to arguments set forth in the motions to dismiss, which cite to the allegations of the Complaints (Doc. 20, pp. 3-4 in Case No. 18-cv-1417; Doc. 19, p. 3-4 in Case No. 18-cv-1418). Allegations set forth in a complaint do not constitute evidence that a Court may consider in determining whether summary judgment is

proper. Once again, if the dates the assessments were made are agreed to by the parties, then the parties are of course free to stipulate to such dates.

## Consolidation

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other order to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). It is an abuse of discretion, however, to consolidate cases that, even though they involve claims of the same nature, involve "different allegations and time frames." *See King v. General Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992) (involving an age discrimination case). Courts have broad discretion when considering whether consolidation should be ordered. *See United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945); *see also Disher v. Citigroup Global Markets, Inc.*, 487 F. Supp. 2d 1009, 1013 (S.D. Ill. May 3, 2007). Courts may invoke Rule 42(a) *sua sponte* and, "if need be, over the objections of parties." *Disher*, 487 F. Supp. 2d at 1014; *see also Conn. Gen. Life Ins. Co. v. Sun Life Assurance Co. of Canada*, 210 F.3d 771, 774 (7th Cir. 2000) (indicating that, in appropriate circumstances, a court may consolidate cases "whether or not the parties want the cases consolidated").

The Court finds it would promote judicial efficiency to consolidate the *HSC* case and the *Seven* case. The two cases involve common issues of law and fact, as they include the same claims on behalf of two corporate taxpayers against the United States. The cases also seek the same relief. Although Plaintiffs are separate taxpayers and their Complaints reference different tax years, the cases involve the same issues that arise out of very

similar facts, as evidenced by the fact that the same motion to dismiss and motion for summary judgment has been filed in both cases. The Seventh Circuit has encouraged district courts to consolidate related cases. *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 838 (7th Cir. 1999) ("[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge."). At least one party, the United States, has already indicated that it would not be opposed to consolidation (*See* Doc. 9, n. 1 in Case No. 18-cv-1417). In light of the commonality and duplicity between these two cases, it would be a waste of resources to proceed separately.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motions to Dismiss filed by the United States in both cases (Doc. 9 in Case No. 18-cv-1417; Doc. 10 in Case No. 18-cv-1418). The Court in its discretion *sua sponte* **CONSOLIDATES** *Highland Supply Corporation & Subsidiaries v. United States of America*, Case No. 18-cv-1417-NJR-RJD and *Seven W. Enterprises, Inc. & Subsidiaries v. United States of America*, Case No. 18-cv-1418-NJR-RJD pursuant to Federal Rule of Civil Procedure 42(a). The consolidation is for purposes of all further proceedings. As the practice in this district is to consolidate into the lower numbered case, Case No. 18-cv-1417-NJR-RJD shall constitute the lead case, and every filing in the consolidated case shall denote the lead case number. Case No. 18-cv-1418-NJR-RJD is administratively closed due to consolidation. The pending motions for summary judgment in both cases (Doc. 19 in Case No. 18-cv-1417-NJR-RJD and Doc. 18 in Case No. 18-cv-1418-NJR-RJD) are **DENIED without prejudice and with leave to re-file** once an Amended Consolidated Complaint has been filed in Case No. 18-cv-

1417-NJR-RJD.

As explained above, any motion for summary judgment shall flesh out all facts relevant to a statute of limitations analysis (or explain why certain facts aren't necessary to the analysis), properly cite to evidence in the record, and clarify what facts, if any, are in dispute.

The Amended Consolidated Complaint shall be filed on or before **November 5, 2019**. Motions for summary judgment are due on or before **November 19, 2019**. The Presumptive Trial Month is **RESET** for May 2020. A final pretrial conference will be set by separate order.

**IT IS SO ORDERED.**

DATED:   October 22, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**