IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HIGHLAND SUPPLY CORPORATION & SUBSIDIARIES,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 3:18-CV-01417-NJR<br><br>Consolidated Cases |
| SEVEN W. ENTERPRISES INC. & SUBSIDIARIES,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss Amended Consolidated Complaint (Doc. 36) filed by the United States of America ("IRS"). For the reasons set forth below, the Court grants the Motion.

**FACTUAL & PROCEDURAL BACKGROUND**

The consolidated actions in this case involve claims by the Plaintiffs Highland Supply Corporation & Subsidiaries ("HSC") and Seven W. Enterprises Inc. & Subsidiaries ("Seven") (such Plaintiffs together, "Taxpayers") against the IRS for recovery of federal

income taxes and interest that were allegedly assessed and collected erroneously or illegally (Doc. 31 at 2).

On March 7, 2008, the IRS mailed notices of deficiency to the Taxpayers. Upon receipt, both Taxpayers timely filed petitions for redetermination of the penalties for relevant taxable years. The Tax Court held a trial in the consolidated cases in April 2009, issuing an opinion on June 7, 2011, which held Taxpayers liable for penalties assessed under 26 U.S.C. § 6662, for underpayment of personal holding company tax (Doc. 9-2). In its decisions in the two cases, the Tax Court erroneously switched the penalty determinations with respect to the two Taxpayers (*Id.*). These decisions were not appealed. On February 3, 2012, the Tax Court corrected the error, vacating its June 8, 2011 decisions and entering new decisions (*see* Doc. 31 at 4–5). Taxpayers moved for reconsideration, which was denied, and then appealed, arguing that the Tax Court had no authority to vacate the decisions after the time for an appeal had expired. On July 24, 2013, the Seventh Circuit entered its decision in the consolidated appeal, ordering the Tax Court to vacate the 2012 decisions and instead reinstate and amend its decisions of June 8, 2011 (*see id.*). The Tax Court followed the mandate of the Seventh Circuit, amending the reinstated decisions and noting that in all other respects the decisions of June 8, 2011 remained in effect. The IRS made assessments in both cases on March 5, 2012 (Doc. 33 at 6, 8, 10).

The Taxpayers filed their complaints in this Court on July 19, 2018, alleging that federal income tax and interest was illegally assessed after the statute of limitations for assessment had expired (*See, e.g.*, Doc. 1). On September 21, 2018, the IRS filed motions

to dismiss for failure to state a claim, arguing that the assessments were timely and *res judicata* barred the Taxpayers' claims (Doc. 9). On October 22, 2019, this Court issued an order ("Order") denying the IRS's motions to dismiss and consolidating the cases into this single action (Doc. 31). In its Order, this Court noted that a three-year statute of limitations applied, and because the Court was unable to ascertain when returns for each claim year were filed, it could not safely conclude that the assessments were timely (*Id.*). This Court further held that *res judicata* did not apply because the Taxpayers would have been unable to bring their claims until after the Seventh Circuit had issued its ruling (*Id.*).

The IRS has now filed a new Motion to Dismiss Amended Consolidated Complaint (Doc. 36), again asserting that Taxpayers have failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). The IRS bases its new motion on a revised theory of the applicable statute of limitations, arguing that a special six year statute of limitations applicable to personal holding company tax liabilities under IRC § 6501(f) should apply here. The Taxpayers respond by noting that the parties consensually extended the three-year statute of limitations prescribed by § 6501(a) with a Form 872, followed by a subsequent extension using Form 872-A, pursuant to which the statute of limitations would have closed 60 days after the Tax Court decision became final, on November 7, 2011.

## LEGAL STANDARD

In ruling on a motion to dismiss, the Court must construe the allegations of the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622

(7th Cir. 2012). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Allegations in a complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A defendant may raise the statute of limitations in a motion to dismiss "if the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). In reviewing a Rule 12(b)(6) motion, the Court is limited to the allegations contained in the pleadings themselves. Documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. FED. R. CIV. P. 10(c). Additionally, documents that are referred to in the complaint and are central to the claim may be considered on a motion to dismiss. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002).

## ANALYSIS

*Applicable Law*

The standard statute of limitations for an assessment is three years from the date upon which the return is filed. 26 U.S.C. § 6501. If a proceeding is placed in the docket of the Tax Court, the statute of limitations will be tolled from the time that a notice of deficiency is mailed to the taxpayer until the decision of the Tax Court becomes final and for 60 days thereafter. 26 U.S.C. § 6503. A Tax Court decision becomes final when the time for filing an appeal expires, which occurs after ninety days from the date on which the decision is entered. 26 U.S.C. § 7481(a)(1), 7483. If a Court of Appeals issues a mandate

reversing or modifying the Tax Court decision and no petition for certiorari has been filed, then the decision rendered by the Tax Court in accordance with the Court of Appeals mandate shall become final, with certain exceptions, thirty days after the amended decision is rendered. 26 U.S.C. § 7481(a)(3)(B).

While the three-year statute of limitations may be standard, there are exceptions to this rule. Parties may extend the statute of limitations by mutual agreement, in which case the tax may be assessed "at any time prior to the expiration of the period agreed upon." 26 U.S.C. § 6501(c)(4). IRS Form 872-A provides a mechanism for extending the statute of limitations by mutual agreement, creating an open-ended statute of limitations the termination of which may be triggered by a notice of deficiency. If a notice of deficiency is sent to a taxpayer who has executed Form 872-A, the statute of limitations "will end 60 days after the period during which the making of an assessment was prohibited" (*E.g.* Doc. 44-1). Thus, the statute of limitations would expire 60 days after a decision of the Tax Court became final.

In addition to consensual extensions of the three-year standard statute of limitations, there are some provisions within the Internal Revenue Code which allow for a longer statute of limitations. Among these is 26 U.S.C. § 6501(f), which allows assessment of personal company holding tax, or proceedings for collection of such tax, against a corporation at any time within six years of a return being filed. 26 U.S.C. § 6665 clarifies that references to "tax" within Title 26 of the US Code include additions to the tax, such as penalties under Chapter 68 of Title 26. Chapter 68 includes 26 U.S.C. § 6662, which prescribes accuracy-related penalties for underpayment. Thus, the six-year statute

of limitations for assessing a tax under 26 U.S.C. § 6501(f) should be construed as including any accuracy-related penalties for underpayment of personal company withholding tax per 26 U.S.C. § 6662.

*Discussion*

The IRS points to the aforementioned provisions of the Internal Revenue Code in asserting that a six-year statute of limitations was in fact applicable to their assessment of penalties against Taxpayers. Taxpayers, on the other hand, point to the consensual extensions of the statute of limitations, noting that this position is at odds with the IRS's conduct throughout these proceedings—why seek any extension if the statute of limitations was nowhere near expiring?

While the Court agrees that this argument represents a dramatic shift in the IRS's position, it is not convinced that the IRS's legal argument is incorrect here. Rather, the plain language of the Internal Revenue Code indicates that penalties for underpayment of personal company withholding tax should be subject to the six-year statute of limitations. While the Court recognizes that the "extensions" of the statute of limitations would logically have given the Taxpayers the erroneous impression that potential liability would expire at the end of the period prescribed by those forms, the provision for extension of the statute of limitations does not appear to allow for a decision finding that the IRS somehow waived the six-year statute of limitations by acceding to a shorter period. Thus, the Court must find that regardless of the IRS's contradictory position in the past, the correct statute of limitations remained six years, and the IRS's assessment

against Taxpayers was timely. Having found that the assessments were timely, the Court must find that Taxpayers have failed to state a claim.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** the IRS's Motion to Dismiss. The Court **DISMISSES** all claims in these consolidated actions with prejudice and **DIRECTS** the Clerk of Court to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

DATED:   April 7, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**